Huckins v. Randolph.

J. R. HUCKINS v. J. L. RANDOLPH *et al.*

No. 14,847    (88 Pac. 540.)

PETITION—*Mechanic's Lien.* The allegations of a petition in a suit to foreclose a mechanic's lien were held broad enough to permit plaintiff to show that alterations had been made in the original building plans entailing extra work and material, and the value thereof.

Error from Republic district court; WILLIAM T. DILLON, judge. Opinion filed January 5, 1907. Affirmed.

*Hugh Alexander,* for plaintiff in error, and cross-petitioner in error, Annie Huckins.

*John C. Hogin,* and *O. A. Torgerson,* for defendant in error J. L. Randolph.

*Per Curiam:* John L. Randolph sued J. R. Huckins and his wife, Annie, to recover a judgment for a balance alleged to be due him for furnishing the material and building a residence for the defendants, and to foreclose a mechanic's lien therefor upon the premises. To the petition was attached a copy of the mechanic's lien statement which had been filed in the office of the clerk of the district court. The court made special findings of fact, and rendered judgment for the plaintiff.

It is argued that prejudicial error was committed in permitting any evidence to be introduced under the petition; also, in permitting evidence to be introduced thereunder tending to prove that certain alterations had been made in the original plans by defendants which entailed extra work and the use of extra material, and the value of each. The allegations of the petition were sufficiently broad to sustain the rulings. The itemized lien statement contained a detailed account of the changes made in the original plan, the extra work occasioned thereby, its value, and the amount of extra lumber so used and its cost.

Error is also predicated upon the ruling of the court excluding the testimony of Mr. Hepner in answer to the following question: "What in your judgment could that house, as you saw it, be built for and be built right?" There was no prejudicial error in this.

From the special findings of fact it appears that the court very patiently examined all the items on both sides, charging and debiting the accounts between the parties where the evidence warranted, and found a balance in favor of plaintiff and rendered judgment therefor. The court found that the mechanical work was, in several respects, unskillfully done, and that the defendants sustained damages, but that

there was no evidence offered tending to show the value of such damages, and therefore the amount could not be determined; and since our attention has not been called to any evidence tending to prove the value of such damages the court must have been correct in its conclusion.

The plaintiff in error made his wife a defendant in error, and she filed a cross-petition alleging the same grounds of error relied upon by her husband. The conclusion that the court committed no error as to the plaintiff in error applies equally to her.

The judgment is affirmed.